FILED
·SUPERIOR COURT
OF GUAM

2014 AUG -8 PM 3: 22

CLERK OF COURT
BY:____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0268-14 |
| Plaintiff, | |
| vs. | DECISION AND ORDER |
| STEVEN EARL CAMACHO, | |
| Defendant. | |

Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant's Motion to Dismiss the Indictment was taken under advisement by the Honorable Judge Michael J. Bordallo on August 5, 2014. Defendant is represented by Assistant Public Defender Maria G. Fitzpatrick. The People of Guam are represented by Assistant Attorney General Nicole D. Driscol. Having considered the papers, pleadings and file herein, the Court now enters an order DENYING Defendant's motion to dismiss.

### BACKGROUND

On June 6, 2014, Defendant was indicted on charges of Attempted Burglary to a Motor Vehicle (As a Second Degree Felony) and Criminal Mischief to a Motor Vehicle (As a 3rd Degree Felony).

On July 17, 2014, Defendant filed a motion to dismiss the indictment. In support of this request Defendant argues that the People failed to introduce any evidence of any of the essential elements of the crimes charged. Citing to the grand jury transcripts the Defendant summarizes the testimony as follows:

> At about 12:57 pm Ms. Julie Mangefel was parked at the Agana Shopping Center/SM Store parking lot. She walked out of the store toward her vehicle. Julie Mangefel noticed a male individual acting suspiciously by her vehicle. The unknown male was standing by her driver side door and Ms. Mangefel noticed that "he looked suspicious" because he is constantly looking around. Ms. Mangefel then took down the license plate of the car after the male got into the passenger side and the female driver drove away. Ms. Mangefel went to her car and noticed that the driver side door lock was damaged by an unknown object. There was a small black plastic piece and silver metal that was on the ground by the left rear passenger door which "possibly belonged to the vehicle." Nothing else of evidentiary value was noted.

Mot. at 3. Defendant argues and asserts that this testimony was, as directed by 8 GCA § 5042, statutorily insufficient. *Id*. at 4.

The People did not file a paper in opposition.

## DISCUSSION

Section 50.42 of Title 8 of the Guam Code provides,

> The grand jury shall receive only competent evidence but the fact that evidence which is incompetent was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury.

8 GCA § 50.42 (2005). In November of 2013 the Guam Supreme Court, citing Section 50.54 of Title 8 of the Guam Code, explained that "a grand jury serves a gatekeeping function by considering the sufficiency of the evidence to support an indictment." *Guam v. San Nicolas*, 2013 Guam 21 ¶ 11. Section 50.54(b) provides, "(b) [t]he grand jury shall find an indictment when from the evidence presented there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 GCA § 50.54 (2005).

Inherent within this function and these mandates is the People's duty to present to the grand jury some evidence of each of the essential elements of a charge. See, *People of Territory of Guam v. Quidachay*, 1986 WL 68912 at *1-2 (D. Guam App. Div. 1986). While *Quidachay* clarifies that it would be unwise to allow for the re-consideration of whether the evidence that was presented to a grand jury was competent or credible, axiomatic to the statute's existence is the Court's duty to ensure some evidence of each element was presented. *Id.*

As defined by Guam Code the elements for attempt are: an intent to engage in conduct which would constitute a crime and the performance of a substantial step toward the crime's commission. 9 GCA § 13.10 (2013). Similarly sourced are the elements of burglary in Guam which are: the entry; into any motor vehicle; with an intent to commit a crime therein. *Id.* at 37.20 (a). The elements of criminal mischief on Guam are: intentionally damaging the motor vehicle of another. *Id.* at 34.50(d).

Although very slight, in this case there was some circumstantial evidence presented to the grand jury of each of above statutory elements. While it is undeniable many virtuous or innocuous interpretations may arise out of the facts presented to the grand jury in this case, the weight, existence of, number or probability of, these inferences and interpretations, are not the standard by which this court is allowed to review a Guam grand jury's return. 8 GCA § 50.54 (2005). As often explained by the Guam Supreme Court circumstantial evidence is entitled to as much weight as direct evidence and may be entitled to more. *People v. Mendiola*, 2014 Guam 17 ¶ 21. Accordingly under the above standard the Court is unable to grant Defendant's request.

//

//

## CONCLUSION

For the foregoing reasons the Defendant's motion is DENIED. Simultaneous with Defendant's motion to dismiss the indictment he also filed a motion to suppress evidence. Having disposed of the motion to dismiss Defendant's motion to suppress is hereby set for an evidentiary hearing on _____Aug. 14_____, 2014 at ___10:30___ a m.

**SO ORDERED** this __8__ of ___Aug.___ 2014.

_____
HONORABLE MICHAEL J. BORDALLO
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

___A6, PDSL___

Date: 8|8|14 Time: 3 45 Pm

_____
Deputy Clerk, Superior Court of Guam